OPINION OF THE COURT
Craig J. Doran, J.
The above-captioned action was commenced by the plaintiff for breach of an implied contract and for a declaratory judgment. It is alleged by the plaintiff that the Wayne County Department of Social Services improperly discontinued, and then later refused to reinstate, Medicaid benefits to one of *920 plaintiffs patients, Mrs. Adele Heisler. Plaintiff seeks reimbursement of the expenses it incurred in providing Mrs. Heisler with medical care and a declaration that Mrs. Heisler is eligible for Medicaid. In the instant motion, the plaintiff moves for an order pursuant to CPLR 3124 compelling defendant to respond to plaintiffs CPLR article 31 demands and first set of interrogatories and first request for production of documents.
In opposition, the defendant asserts that the provisions of the Social Services Law, specifically Social Services Law § 369 (4), and similar federal laws, preclude the discovery of the documents requested by the plaintiff in this action.
Social Services Law § 369 (4) provides as follows:
“Any inconsistent provision of this chapter or other law notwithstanding, all information received by social services and public health officials and service officers concerning applicants for and recipients of medical assistance may be disclosed or used only for purposes directly connected with the administration of medical assistance for needy persons” (emphasis added).
The defendant herein asserts that the disclosures sought in the instant action are not matters “directly connected” to the administration of public assistance.
An analysis of the issues raised herein must begin with a recognition that the plaintiff hospital has a right to commence the instant action against defendant. New York courts have recognized the right of a service provider to bring a plenary action in its own right against a county for expenses it incurred as a result of the improper denial of Medicaid benefits (see, Park Ridge Hosp. v Richardson, 175 AD2d 631 [1991]).
Given the recognition that the plaintiff hospital can bring a plenary action against the county, it stands to reason that the hospital should be able to conduct discovery toward that end. This lawsuit falls within the “directly connected” requirement set forth in Social Services Law § 369 (4). One component of the “directly connected” requirement is the administering agency’s (herein the County) involvement in a civil proceeding related to Medicaid. Another component is that it involves the establishment of Medicaid eligibility. Taken together these two components provide a basis for the hospital’s entitlement to obtain the subject records (see, 42 CFR 431.302). Specifically, the focus of the instant action is on the defendant County’s alleged error in its assessment of Mrs. Heisler’s Medicaid eligibility, thus *921 making the action directly connected to the administration of Medicaid.
Accordingly, this court finds that Social Services Law § 369 (4) does not prohibit this court from directing the defendant to comply with the plaintiffs discovery demands. The plaintiffs motion is granted.